1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ACHARMU YAZAID CROSBY,

11              Plaintiff,              No. CIV S- 03-2634 LKK GGH P

12        vs.

13   JEANNE S. WOODFORD, et. al.,       ORDER &

14              Defendants.             FINDINGS AND RECOMMENDATIONS

15   _____/

16   Introduction

17              Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. §

18   1983.  Pending before the court are: 1) plaintiff's motion for preliminary injunctive relief, filed

19   on April 14, 2005; 2) plaintiff's motion for summary judgment, filed on May 2, 2005; and 3)

20   defendants' motion to dismiss, filed on June 2, 2005.

21   Underlying Complaint

22              This matter proceeds against defendants Woodford, Director of the California

23   Dept. of Corrections (CDC), and Margarita Perez, Chairperson of the California Board of Prison

24   Terms (BPT), in their official capacities for declaratory and prospective injunctive relief only.[1]

25   _____

26        [1]  Plaintiff, along with a co-plaintiff, initially purported to bring this matter as a class
     action, against defendants Alameida of the CDC and Hepburn of the BPT, predecessors in office

                                              1

1   Plaintiff challenges the constitutionality of California's statutorily mandated period of parole

2   after terms of imprisonment have expired under the provisions of the Determinate Sentencing

3   Act of 1976, or Determinate Sentencing Law (DSL).  Complaint (Cmp.), p. 1.

4         Plaintiff alleges that he was sentenced to a definite term of imprisonment,

5   pursuant to the DSL, as codified in Cal. Penal Code § 1170.  Cmp., p. 5.  Plaintiff alleges that the

6   following specific statutes, Cal. Penal Code §§ 3000, 3040, 3052, 3053, 3056, 3059, 3060,

7   3060.5, 3061, 3062, 3063, 3064, 3067, are unconstitutional on their face and "as applied," and

8   violate, inter alia, his constitutional rights under the Fourteenth and Fifteenth Amendments.

9   Cmp., pp. 5-9.  The provisions of Cal. Penal Code §§ 3000, et seq., variously violate plaintiff's

10   federal constitutional rights under the Fourth, Fifth, Eighth, Fourteenth, and Fifteenth

11   Amendments and Article VI, § 2, the Supremacy Clause, constitute a Bill of Attainder and

12   violate his rights under Article 1, § 1[2] of the Constitution of the State of California.  Cmp., pp. 5-

13   10.  Finally, plaintiff alleges that California's parole system, as implemented by defendants under

14   the provisions added pursuant to the DSL, violates clearly established federal law as set forth by

15   the U. S. Supreme Court in <u>Morrissey v. Brewer</u>, 408 U.S. 471, 92 S. Ct. 2593 (1972).  Cmp., p.

16   10.

17         The gravamen of his complaint is that parole has been defined by the U.S.

18   Supreme Court as a system of conditional release before the completion of a judicially imposed

19   sentence and that since he has completed his judicially imposed prison term, the state parole

20   \\\\\

21

22

23 of the current defendants.  Plaintiff's action was severed from that of his co-plaintiff and plaintiff
was ultimately allowed to proceed, only as an individual plaintiff, in this action on the original
complaint, filed on December 8, 2003.  <u>See</u> <u>Orders</u>, filed on March 9, 2004, April 23, 2004, and

24 March 14, 2005.

25     [2] "All people are by nature free and independent and have inalienable rights. Among these
are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and

26 pursuing and obtaining safety, happiness, and privacy."  Cal. Const. Art. 1. §1.

1   statutes as applied to him, inter alia, subject him to unreasonable searches and seizures,[3] compel

2   him to provide a DNA sample,[4] and limit his right to travel[5] and to vote,[6] in violation of his

3   constitutional rights.

4   Motion for Preliminary Injunction

5            By his motion for preliminary injunctive relief, plaintiff seeks an order enjoining

6   defendants from further enforcement of the challenged statutes and regulations and that he be

7   granted immediate release from custody upon a declaration by the court that he is in custody in

8   violation of the U.S. Constitution, following the expiration of his judicially imposed determinate

9   sentence.  Preliminary Injunction (PI) Motion, p. 11.  He seeks further a writ of habeas corpus

10  pursuant to 28 U.S.C. § 2241(c)(3).[7]  Plaintiff also seeks to invoke 28 U.S.C. § 1651(a), the All

11  Writs Act.  Plaintiff alleges that he has served his full court-imposed prison sentence of 32

12  months.  He has subsequently refused to sign parole conditions which has subjected him to re-

13  incarceration on parole violations.  Plaintiff includes a copy of a May 2, 2002 abstract of

14  judgment as an exhibit, setting forth that he was convicted on March 28, 2002 under Cal. Penal

15  Code § 12021(a)(1), possession of a firearm by felon, and sentenced to a prison term of two years

16  and eight months (or 32 months).  PI Motion, Exh. A.

17  \\\\\

18  \\\\\

19

20            [3] Cal. Penal Code § 3067.

21            [4] Cal. Penal Code § 3060.5.

22            [5] Cal. Penal Code § 3059.

23            [6] Cal. Const., art. II, § 4; see also, Cal. Elec. Code § 2150(a)(9), in registering to vote, an
    applicant must show by affidavit that he or she "is currently not imprisoned or on parole for the
    conviction of a felony."

24

25            [7] "The writ of habeas corpus shall not extend to a prisoner unless—
    ............................................................................................................
26            (3) he is in custody in violation of the Constitution or laws or treaties of the United
    States;...."  28 U.S.C. § 2241(c)(3).

3

1    Plaintiff also includes exhibits indicating that he entered a plea, in Los Angeles

2   County Superior Court, at a hearing on April 30, 2002, resulting in the above conviction,[8] and

3   that he has refused to sign a CDC form, entitled Notice and Conditions of Parole on July 15,

4   2004, for which he apparently received a CDC 115 disciplinary report, noting that plaintiff had a

5   April 19, 2004, release date.  PI Motion, Exhs. C, D, E.  Exhibit F is a copy of July 29, 2004

6   rules violation report finding plaintiff guilty of conduct violating CAL. CODE REGS. tit.xv, § 3005(b),

7   failing to obey orders in relation to his refusal to sign the conditions of parole notice.   PI Motion,

8   Exh. F.  In his Exhibit J, plaintiff includes a rules violation report that he refused to sign a

9   conditions of parole notice again on March 29, 2005.

10  Motion to Dismiss

11    Defendants move for dismissal of this action on the ground that 1) this court lacks

12  jurisdiction over plaintiff's claim that the state parole system is unconstitutional because his sole

13  remedy is by a petition for writ of habeas corpus, and that 2) pursuant to Fed. R. Civ. P. 12(b)(6),

14  plaintiff has failed to state a claim upon which relief may be granted.  Motion to Dismiss (MTD),

15  p. 3.  Jurisdiction is a threshold question.

16    *Jurisdiction*

17    Defendants contend that plaintiff's request for injunctive relief within his

18  complaint in the form of prohibiting defendants from enforcing state statutes related to parole

19  would necessarily result in the termination of his incarceration, and, therefore, that his sole

20  remedy lies in proceeding upon a writ of habeas corpus.  MTD, p. 5.  Defendants also point to

21  plaintiff's motion for preliminary injunctive relief seeking immediate release from custody.  Id.

22    In an affidavit in support of his opposition to defendants' motion, plaintiff states

23  that, as of September 29, 2005, he has for the third time refused to sign a notice of conditions of

24  parole, resulting in his being written up once again for a violation of CAL. CODE REGS. tit.xv, §

25  ─────────────────

26    [8] The court observes that his sentence included "a parole revocation restitution fine stayed
     pending revocation of parole."

4

1    3005(b), subjecting him to a six-month period of parole revocation, pursuant to Cal. Penal Code

2    § 3060.5,[9] one of the state parole statutes the constitutionality of which plaintiff challenges.

3    Plaintiff contends that because the term of his court-imposed 32-month sentence has expired, he

4    is not challenging his underlying conviction or duration of confinement therefrom; rather, under

5    Wilkinson v. Dotson, ___ U.S.___, 125 S. Ct. 1242 (2005), he is permitted to seek declaratory

6    and injunctive relief pursuant to 42 U.S.C. § 1983, challenging the constitutionality of parole

7    procedures.  Opp., pp. 2-3.

8            In a reply, defendants argue that plaintiff is presently confined in a state prison for

9    a parole violation, and his parole will continue to be revoked, in six-month increments, for as

10   long as he continues refusing to sign the conditions of parole, and that under Wilkinson, supra, a

11   civil rights action is available to challenge a parole procedure only when to do so would not

12   require as relief that plaintiff be immediately released.  Reply, p. 2.

13           The Supreme Court has recently stated:

14           § 1983 must yield to the more specific federal habeas statute with
             its attendant procedural and exhaustion requirements, where an
15           inmate seeks injunctive relief challenging the fact of his conviction
             or the duration of his sentence.  See Preiser v. Rodriguez, 411 U.S.
16           475, 489, 93 S. Ct. 1827 [] (1973).  Such claims fall within the
             'core' of habeas corpus and are thus not cognizable when brought
17           pursuant to § 1983.  Ibid.  By contrast constitutional claims that
             merely challenge the conditions of a prisoner's confinement,
18           whether the inmate seeks monetary or injunctive relief, fall outside
             of that core and may be brought pursuant to § 1983 in the first
19           instance.  See Muhammad v. Close, 540 U.S.749 , 750, 124 S.Ct.
             1303, 1304 [] (2004) (per curiam); Preiser, supra, at 498-499, 93 S.
20           Ct. 1827.

21   Nelson v. Campbell, 541 U.S. 637, 124 S. Ct. 2117, 2122 (2004):

22           Following Nelson, in Wilkinson v. Dotson, supra, the Supreme Court allowed

23   state prisoners to proceed under 42 U.S.C. § 1983 in their challenge to the constitutionality of

24   _____

25        [9] "Notwithstanding any other provision of law, the parole authority shall revoke the
     parole of any prisoner who refuses to sign a parole agreement setting forth the general and any
26   special conditions applicable to the parole...."  Cal. Penal Code § 3060.5, in relevant part.

1   state procedures used to deny parole eligibility and parole suitability because such claims:

2         do not fall within the implicit habeas exception. Dotson and
3         Johnson seek relief that will render invalid the state procedures
        used to deny parole eligibility (Dotson) and parole suitability
        (Johnson).  See Wolff, supra, at 554-555, 94 S.Ct. 2963.  Neither
4         respondent seeks an injunction ordering his immediate or speedier
        release into the community. See Preiser, 411 U.S., at 500, 93 S.Ct.
5         1827; Wolff, supra, at 554, 94 S.Ct. 2963. And as in Wolff, a
        favorable judgment will not "necessarily imply the invalidity of
6         [their] conviction[s] or sentence[s]." Heck, supra, at 487, 114 S.Ct.
        2364. Success for Dotson does not mean immediate release from
7         confinement or a shorter stay in prison; it means at most new
        eligibility review, which at most will speed *consideration* of a new
8         parole application. Success for Johnson means at most a new
        parole hearing at which Ohio parole authorities may, in their
9         discretion, decline to shorten his prison term. See Ohio Rev. Code
        Ann. § 2967.03 (Lexis 2003) (describing the parole authority's
10         broad discretionary powers); Inmates of Orient Correctional Inst. v.
        Ohio State Adult Parole Auth. 929 F.2d 233, 236 (C.A.6 1991)
11         (same); see also Tr. of Oral Arg. 18 (petitioners' counsel conceding
        that success on respondents' claims would not inevitably lead to
12         release). Because neither prisoner's claim would necessarily spell
        speedier release, neither lies at "the core of habeas corpus." Preiser,
13         411 U.S., at 489, 93 S.Ct. 1827. Finally, the prisoners' claims for
        *future* relief (which, if successful, will not necessarily imply the
14         invalidity of confinement or shorten its duration) are yet more
        distant from that core. See Balisok, supra, at 648, 117 S.Ct. 1584.

15

16   Wilkinson, supra, at 1248 [emphasis in original].

17         Notwithstanding how plaintiff seeks to characterize his challenge to the

18   constitutionality of the state parole statutory scheme, plaintiff is undisputedly in custody, seeking

19   his immediate release from such custody on the basis of its alleged unconstitutionality, a result

20   that Wilkinson makes clear comes exclusively within the province of a writ of habeas corpus.

21   Defendants are correct that the result of this court finding the state parole statutes

22   unconstitutional would be plaintiff's immediate release from custody; moreover, his motion for a

23   preliminary injunction, seeking his immediate release by way of a writ of habeas corpus is wholly

24   \\\\\

25   \\\\\

26   \\\\\

1  inapposite when he seeks to proceed, not by way of a petition for writ of habeas corpus, but

2  under § 1983.[10]

3         Plaintiff's motions for preliminary injunction and summary judgment must be

4  denied and this court must recommend the defendants' motion to dismiss this action be granted.

5  The cannot grant plaintiff leave to amend to bring, as petitioner, a petition for writ of habeas

6  corpus because it is evident that plaintiff has failed to exhaust state court remedies.[11]

7         The exhaustion of state court remedies is a prerequisite to the granting of a

8  petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must

9  be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[12] A waiver of exhaustion,

10 thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by

11 providing the highest state court with a full and fair opportunity to consider all claims before

12 \\\\\

13 \\\\\

14 \\\\\

15

16   [10] Plaintiff's conceptual miscue here on the merits is that he does not view parole as part
     of his criminal sentence. It certainly is. Nothing in Morrisey v. Brewer, a case concerned with
17   procedures to be used for parole revocation, created a constitutionally defined parole definition
     which was then binding upon the state. Rather, as background in reaching the procedure issues,
18   the Supreme Court generically described the practical effect of parole, i.e., it is generally granted
     prior to the time one's stated prison sentence (just a part of the overall sentence) has not been
19   completely served. Morrisey was not attempting to constitutionally preclude parole from being
     part of one's criminal sentence. If plaintiff had disclosed to his sentencing judge that he would
20   refuse to abide by parole conditions, the sentencing judge may well have given him the statutory
     maximum prison sentence. Moreover, nothing in the federal constitution would preclude a state
21   from mandating parole after service of a statutory maximum term. Indeed, that is how the federal
     sentencing laws are presently set up. One serves a prison term (including a prison term that is a
22   statutory maximum), *and* one is also sentenced to supervised release with conditions (i.e., just
     like a parole term).
23
     [11] Plaintiff's only reference to exhausting remedies references inapplicable administrative
24   remedies which he sets forth have not been exhausted prior to proceeding in this action because
     his challenge does not so require. Cmp., p. 2.
25
     [12] A petition may be denied on the merits without exhaustion of state court remedies. 28
26   U.S.C. § 2254(b)(2).

1   presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.

2   Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986). [13]

3   Change of Address

4          In a document dated January 6, 2006,[14] plaintiff filed a notice of change of

5   address, indicating that as of January 4, 2006, he was to be transported first to Wasco State

6   Prison - reception and then to Ironwood State Prison.  On this occasion, the court will direct the

7   Clerk of the Court to serve plaintiff with this Order and Findings and Recommendations at *both*

8   addresses, as plaintiff does not know how long he will be held at Wasco.

9          Accordingly, IT IS ORDERED that the Clerk of the Court serve plaintiff at *both*

10  of the addresses, that is, his address at Wasco State Prison and at Ironwood State Prison, that he

11  identified in his notice of change of address, docket entry # 76, filed on January 6, 2006.

12         IT IS HEREBY RECOMMENDED that:

13         1. Plaintiff's motion for preliminary injunction, filed on April 14, 2006, be

14  denied;

15         2. Plaintiff's motion for summary judgment, filed on May 2, 2005, be denied; and

16         3.  Defendants' motion to dismiss, filed on June 2, 2005, be granted and this case

17  be closed.

18         These findings and recommendations are submitted to the United States District

19  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

20  days after being served with these findings and recommendations, any party may file written

21  objections with the court and serve a copy on all parties.  Such a document should be captioned

---

22

23         [13] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of
    limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one
24  year period will start to run on the date on which the state court judgment became final by the
    conclusion of direct review or the expiration of time for seeking direct review, although the
25  statute of limitations is tolled while a properly filed application for state post-conviction or other
    collateral review is pending.  28 U.S.C. § 2244(d).

26         [14] Per the mailbox rule, plaintiff filed the notice on January 3, 2006.

1   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

2   shall be served and filed within ten days after service of the objections.  The parties are advised

3   that failure to file objections within the specified time may waive the right to appeal the District

4   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5   DATED: 1/20/06

                                                    /s/ Gregory G. Hollows

6   _____

7                                                   GREGORY G. HOLLOWS
                                                    UNITED STATES MAGISTRATE JUDGE

8   GGH:009
    cros2634..mtd+

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26